# The Mayor, Aldermen and Citizens of Philadelphia *against* John Nell.

Mayor's conviction under a city ordinance for huckstering, must charge the defendant as a huckster with selling or offering for sale at second hand within the market. It must appear that the offence was committed within the city, and that the defendant was convicted of the offence.

Quære. Whether, if the warrant be not issued in the name of the commonwealth, the exception be not fatal ?

CERTIORARI to John Inskeep, esq. mayor of the city of Philadelphia, to remove all proceedings before him, respecting the conviction of the defendant for huckstering.

The mayor returned thereon his warrant, issued in his own name, against the defendant, to answer the mayor, aldermen and citizens of Philadelphia, for a debt under 40s. for huckstering, contrary to a city ordinance, dated 29th November 1800, and the following transcript of his proceedings :

| *The Mayor, Aldermen and Citizens of Philadelphia, v. John Nell. | Huckstering.    [*476 Capias debt under 40s. |
|---|---|

The defendant was brought before me, and was charged in his presence, on the affirmation of William Johnston, one of the clerks of the High street market, with being a person who follows the business of a huckster, and selling provisions at second hand ; and that the defendant's wife sold this day in the presence of the defendant, butter, nuts, &c. contrary to an ordinance of the corporation in that case made and provided. The defendant alledges that he sold as agent. Jacob Underwood, on his oath, declared, that he was present when Abraham Stowhert left with the defendant in Germantown, on the 27th inst. 69 lbs. of butter, and 3 bushels of nuts, which he desired the defendant to bring to market to sell for him, but did not know that it was the same butter and nuts that the defendant sold this day. I therefore adjudge, that the defendant pay a fine of five dollars ; warrant and serving 1s. 9d. judgment 1s. 6d., amount 3s. 3d.

The defendant paid the fine and costs.

JOHN INSKEEP, Mayor.

3 YEATES—28

[Philadelphia, Mayor of, &c. *v.* Nell.]

The provision against huckstering is contained in the 16th section of a city ordinance, enacted on the 29th March 1798, and is in these words :

"No person who follows the business of a huckster, or of "selling provisions, vegetables, nuts or fruit at second hand, "shall at any time sell or offer for sale, within the limits of "the market, any provisions, vegetables, nuts or fruit of any "kind, under the penalty of forfeiting for every such offence "the sum of five dollars, to be recovered and appropriated as "herein before directed."

Several exceptions were taken to this conviction.

1. The conviction ought to have been in the present tense. 2 Ld. Raym. 1376.    Stra. 608.

2. The conviction ought to be on an information or complaint precedent.

3. It does not appear that he was guilty of any offence.    The defendant is an inhabitant of Germantown township, and never purchased provisions within the city or within four miles of the county court house in the city, and sold the same provisions within the city or elsewhere, within the four miles.    It is true, he is said to have been charged with being a huckster and sell-*ing provisions at second hand.    But it rests merely on *477] the charge, without any proof.    All acts which subject men to new and other trials, than those known at the common law, ought to be taken strictly.    It must appear on the face of the proceedings, that the fact was an offence within the act, and that the justices have proceeded accordingly. 2 Salk. 578.  1 Ld. Raym. 581.

The construction which has been put on this bye law, is a very unreasonable and rigid one, excluding all persons whatever from the sale of articles, which they do not themselves raise.    But the legislature by a late act, passed on the 6th April 1802, have now legalized the sale of provisions, vegetables or fruit, in the markets of any city or corporate town, provided they shall not have been previously purchased within their limits. 5 St. Laws, 265.

4. The offence of huckstering should be proved to be within the jurisdiction of the mayor.    It is not even charged to have been within the limits of the city.    A corporation can make no bye laws to operate beyond its bounds. 3 Mod. 159.

5. The evidence is not set forth with convenient certainty, ascertaining the particular manner of the offence.    It is necessary to set out the evidence, that the court may judge whether the justice has done right. 2 Burr. 1163.    4 Burr. 2063.    1 Stra. 497.    And surplusage in a conviction, will not violate it. 4 Term Rep. 767.    The court in its discretion, may grant or refuse a *certiorari* to remove a conviction before justices of the peace. If B. R. see that the justices have drawn the proper conclusion

from presumptive evidence, they will not grant a *certiorari* to remove the conviction.

6. The defendant was not called upon to answer the charge or plead to it.

This exception was in a great measure waved.

7. Here is a judgment, without a conviction to warrant it.— A conviction is equal to a verdict and judgment, and where a forfeiture is the penalty of the offence, such judgment must be given. 2 Burr. 1166.

8. Costs are awarded, which are not warranted by the ordinance. To the penalties inflicted on the offences described in the 2d, 4th, 7th, 8th and 9th sections of the bye law, costs are superadded; but from the 10th to the 17th sections inclusive, costs are not mentioned. A common informer can in no case recover costs, unless expressly given by statute. Bull. 333. Hullo. on Costs, 19, 200–1.

9. There is a misnomer of the corporation. The name of the corporation in 2 St. Laws, 654, § 2, is ascertained to be, "the "*mayor, alderman and citizens of Philadelphia." The name of a corporation, is essential to its taking. Gilb. [*478 Hist. C. B. 225. They must sue and be sued by their proper name. Ib. 234, 235. And such are the words of the act of incorporation.

But this exception being applicable to other convictions removed at the same time, and not to the present, was waved by the defendant's counsel.

10. The process was erroneous, which issued against the defendant. By the 12th section of the 5th article of the state constitution, "the style of all process shall be, the commonwealth "of Pennsylvania." But in this instance, the warrant issued in the name of John Inskeep, mayor of the city of Philadelphia. This objection was strongly relied on ; and it was urged, that this point had lately been so determined in the Common Pleas, by Mr. Justice COXE, president of the first district, on solemn argument.

Finally, it was insisted, that where a special power is given to a justice of the peace by statute, to convict an offender in a summary manner, without a trial by jury, it must appear, that he hath strictly pursued that power ; otherwise the common law will break in upon him, and level all his proceedings. The justice must consider himself only as constituted in the place both of judge and jury. 1 Burn's Just. 400, (14th edit.) Every conviction must state the offence with the highest certainty; and the defendant can have no remedy against it, but from some defect appearing in the face of it. 2 Haw. 250.

The whole court were clearly of opinion, that the third, fourth and seventh exceptions, were substantially fatal. It ought to have appeared, that the defendant was charged as a huckster, with selling at second hand, or offering for sale within the limits

[Burginhofen *v.* Martin.]

of the market, provisions, &c.; that the offence was committed within the city, within the jurisdiction of the mayor; and that the defendant was convicted of the offence.

They were silent as to the other exceptions, except the tenth; on this, it was remarked, that the warrant of a mayor, justice, &c. was rather a precept than process; that almost all the warrants since the revolution, run in a style similar to the present; and that even *venire facias's* for holding Courts of Oyer and Terminer and General Goal Delivery, being considered in the light of precepts, had been made out in the names of the judges of this court, until very lately, when the form was changed. But the court declined giving any decided opinion on this exception.

The judgment of the mayor in the principal case was reversed; and also several other judgments against other defendants, were reversed for similiar exceptions.

\*479]

Messrs. Ingersoll and Dickerson, *pro quer.*

Messrs. M'Kean, Rawle and Porter, *pro def.*