Mayor, &c. of Philadelphia v. Mason.

---

*266]                          *MARCH TERM, 1803.

---

THE MAYOR, &c., of PHILADELPHIA v. MASON.

*Penal action.*

The return to a *certiorari* to remove the proceedings before the Mayor of Philadelphia, under an ordinance against huckstering, did not state a conviction, the offence, nor the place where the business was conducted : *Held*, that it was error.

THIS was a *certiorari* to remove the proceedings from the mayor into this court; to which he made the following return under seal :

The Mayor, Aldermen and Citizens (b) ⎞ November 19, 1800.
             *v.*                       ⎬    Huckstering.
      Elizabeth Mason.                 ⎠    Amicable action.

The defendant appeared before me by consent, and was charged, on the oath of Barney Cart, and the affirmation of W. Johnston, clerks of the High Street market, in her presence, with being a person who follows the business of a huckster, and selling provisions, &c., at second-hand. And that the defendant did this day offer for sale, within the limits of the said market, butter, veal, pork, fowls, eggs and nuts, contrary to an ordinance in that case made and provided. I, therefore, adjudge, that the defendant pay a fine of 1l. 17s. 6d., and costs 2s. 6d.

To this return, a great variety of exceptions were filed; but the argument and decision proceeded principally upon the following :

---

(b) An exception that the words "of Philadelphia" had been omitted in the corporate title, was waived. There were several other cases, depending on the decision in this case.

Black v. Wistar.

1. It is not stated, at what place the defendant followed the business of a huckster.

2. It is not stated, in what city High Street market is situated.

*3. It is not stated, against which clause of the ordinance the de- [*267 fendant had offended.

4. It is not stated, that the defendant was convicted, though judgment is rendered against her.

The exceptions were supported by *McKean* and *Porter*, who cited, 1 Burn. 409, 142 ; Ordin. 29th March 1798, § 16 ; Bosc. 12 ; 1 Burn. 411 ; 5 State Laws, 265; 1 Burn. 413 ; 3 Mod. 159; 2 Burr. 1163; 4 Ibid. 2063; 5 T. R. 253 ; 2 Burr. 1176 ; Hullock 19, 200, 201 ; Bull. N. P. 333 ; Gilb. C. P. 225, 234–5 ; Salk. 378 ; 2 Hawk. 250 ; 1 Str. 316 ; 2 Ibid. 1120.

*Dickerson* (the solicitor for the corporation) endeavored to answer the exceptions, and cited 1 Str. 316 ; 10 Co. 125 ; 1 Bac. Abr. But—

BY THE COURT.—Some of the objections are insurmountable. In the first place, it is not sufficient to state the evidence ; but the magistrate must go on to declare, that the offence was committed, and the defendant thereof convicted. Here, neither the offence, nor the conviction, are to be found in the proceedings. In the next place, we have no statement where the defendant carried on the business of huckster ; and it might be, where it was no offence to do so ; or where the corporation had no jurisdiction to punish it as an offence.[1] The proceedings are, therefore, manifestly erroneous, and must be set aside.

---

[1] s. p. Philadelphia *v.* Nell, 3 Yeates 475; Philadelphia *v.* Mintzer, 2 Phila. 43; Philadel-Commonwealth *v.* Gillingham, 1 Brews 396; phia *v.* Roney, Id. 43.